FILED

2009 DEC 22  P 1: 00

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT** DISTRICT COURT
HARTFORD, CT

| | |
|---|---|
| **ANTOINETTE WILLIAMS &** | **CASE NUMBER:** 3.09 cv 2095 (RNC) |
| **DEBORAH TURNAGE** | |
| **Plaintiffs** | **COMPLAINT** |
| | |
| **v.** | **309CV 2095** RNC |
| | **JURY TRIAL** |
| **VANDENBERG CHASE &** | **CLAIMED** |
| **ASSOCIATES, LLC &** | |
| **JOHN DOE a/k/a MR. KING** | |
| **Defendants** | |
| | **DECEMBER 21, 2009** |

## I. INTRODUCTION

1. This is a suit brought by two consumers who have been harassed and abused by Defendant collection agency. This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and also includes pendent state law claims for violation of the Creditor Collection Practices Act, Conn. Gen. Stat. §§ 36a-645 *et seq.,* the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq., and for intentional infliction of emotional distress.

## II. PARTIES

2. Plaintiff Antoinette Williams is a consumer residing in Bridgeport, Connecticut.

3. Plaintiff Deborah Turnage also resides in Bridgeport, Connecticut and is the sister of Plaintiff Antoinette Williams.

4. Defendant, Vandenberg Chase & Associates, LLC ("Vandenberg"), is a Georgia corporation in the business of purchasing and attempting to collect consumer debts.

5. John Doe a/k/a Mr. King is an employee of Vandenberg who works as a debt collector. Mr. King's identity and state of residence are not known to Plaintiffs but are ascertainable in discovery.

## III. JURISDICTION

6. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

7. This Court has jurisdiction over Vandenberg because it engages in debt collection within Connecticut.

8. Venue in this Court is proper, as the Plaintiffs are residents and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff Antoinette Williams had taken out a personal loan through CashAdvanceUSA and accrued a debt.

10. When Plaintiff Antoinette Williams had opened up the original account with CashAdvanceUSA, she had listed Plaintiff Deborah Turnage as a reference, but Turnage was otherwise not involved with the aforementioned debt, and Turnage had no legal obligation to pay the debt.

11. On information and belief, Vandenberg purchased the rights to that debt.

12. Sometime in June 2009, Vandenberg started calling Plaintiff Antoinette Williams at her workplace and leaving messages.

2

13. In response, Williams called Vandenberg and provided it with her personal contact information, and she requested that Vandenberg cease calling her workplace.

14. Vandenberg continued to call Plaintiff Antoinette Williams' workplace.

15. Vandenberg's continued calls to Plaintiff Antoinette Williams' workplace upset her supervisor, who instructed Williams to tell Vandenberg to stop calling.

16. Plaintiff Antoinette Williams explained to her supervisor that she already had contacted Vandenberg, provided them with her personal phone number and other such personal contact information, and specifically requested that they stop calling her workplace, but that they continued to call anyway.

17. Sometime in July 2009, Plaintiff Antoinette Williams' supervisor - fed up with Vandenberg's continued calls to their workplace - telephoned Vandenberg, and unexpectedly conferenced Williams in on the call, much to her embarrassment.

18. The Vandenberg representative on the other end of the line during that call referred to himself as Mr. King, and Williams asked Mr. King why Vandenberg continued to call her workplace despite having been asked not to and despite having been given her personal contact information; Mr. King simply responded that his supervisor would follow up with her.

19. On or around August 18, 2009, Mr. King called Plaintiff Deborah Turnage and left a message on her answering machine which stated that Plaintiff Antoinette Williams had committed fraud and therefore a lawsuit was about to commence, and that Plaintiff Deborah Turnage would also be included in the lawsuit and held liable since Williams had used her as a reference on the loan application, and that he needed to speak with Turnage before the case went to court.

3

20. Believing that she was about to be sued, Plaintiff Deborah Turnage called Mr. King back soon after hearing his message, and they spoke.

21. During that conversation, Mr. King told Turnage that Williams had committed fraud and therefore a lawsuit was about to commence, and he said she would also be included in the lawsuit and held liable since Williams had used her as a reference on the loan application.

22. Turnage responded by telling Mr. King that she had nothing to do with the loan, that Plaintiff Antoinette Williams did not live with her, and that she did not know what he was talking about, and she gave Mr. King Plaintiff Antoinette Williams' contact information.

23. Possibly sensing how upset Plaintiff Deborah Turnage had become by his aforementioned statements, Mr. King told Turnage not to worry about it and that he would remove her name from their call list.

24. That same day, after speaking with Mr.King, Turnage telephoned Williams and asked her whether she was involved in some kind of fraudulent activity.

25. Plaintiff Antoinette Williams was shocked and had no idea what Plaintiff Deborah Turnage was referring to until Turnage explained that a representative named Mr. King from Vandenberg had called her, at which point Williams informed Turnage who Mr. King actually was, that he was lying, and that he was not supposed to be contacting her.

26. Approximately a week later, Mr. King again called Turnage and left a message stating that it was very important that she get in touch with him.

4

27. Vandenberg also called Plaintiff Antoinette Williams' sister-in-law sometime in August 2009.

## V. CLAIMS FOR RELIEF

### First Count - Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*
### (Antoinette Williams against both Defendants)

28. Plaintiff Antoinette Williams incorporates Paragraphs 1-27.

29. The defendants violated the FDCPA in the following ways:

    a.  The defendants violated FDCPA § 1692c by continuing to contact Plaintiff Antoinette Williams at work and by contacting Plaintiff Deborah Turnage even though Vandenberg already had Williams' personal contact information and had already been expressly instructed by Williams not to call her at her workplace.

    b.  The defendants violated FDCPA § 1692c  by making impermissible contacts to Plaintiff Deborah Turnage and Plaintiff Antoinette Williams' sister-in-law in an attempt to collect the debt, and by speaking with Turnage about the debt in an impermissible manner.

    c.  The defendants violated FDCPA § 1692e(10) when they told Plaintiff Deborah Turnage that she was involved in a lawsuit with Plaintiff Antoinette Williams, that they both had committed fraud, and implied that Turnage was also liable for the debt.

    d.  The defendants violated FDCPA § 1692d(5) by engaging Plaintiff Antoinette Williams in telephone conversation repeatedly with the intent to annoy, abuse, or harass;

5

e.  The defendants violated FDCPA § 1692d by engaging in conduct as
    described above, the natural consequence of which was to harass or
    abuse Plaintiff Antoinette Williams;

f.  The defendants violated FDCPA § 1692f by using the deceptive practices
    as described above.

30. For the defendants' violations of the FDCPA as described above, Plaintiff

Antoinette Williams is entitled to recover her actual damages (including emotional

distress), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to

15 U.S.C. § 1692k.

### Second Count - Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (Deborah Turnage against both Defendants)

31. Plaintiff Deborah Turnage incorporates Paragraphs 1-27.

32. The defendants violated the FDCPA in the following ways:

a.  The defendants violated FDCPA § 1692c by contacting Plaintiff Deborah
    Turnage even though Vandenberg already had Williams' personal contact
    information.

b.  The defendants violated FDCPA § 1692c  by making impermissible
    contacts to Plaintiff Deborah Turnage in an attempt to collect the debt, and
    by speaking with Turnage about the debt in an impermissible manner.

c.  The defendants violated FDCPA § 1692e(10) when they told Plaintiff
    Deborah Turnage that she was involved in a lawsuit with Plaintiff
    Antoinette Williams, that they both had committed fraud, and implied that
    Turnage was also liable for the debt.

6

d.  The defendants violated FDCPA § 1692d(5) by engaging Plaintiff Deborah

Turnage in telephone conversation repeatedly with the intent to annoy,

abuse, or harass;

e.  The defendants violated FDCPA § 1692d by engaging in conduct as

described above, the natural consequence of which was to harass or

abuse Plaintiff Deborah Turnage;

f.  The defendants violated FDCPA § 1692f by using the deceptive practices

as described above.

33. For the defendants' violations of the FDCPA as described above, Plaintiff

Deborah Turnage is entitled to recover her actual damages (including emotional

distress), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to

15 U.S.C. § 1692k.

## Third Count -Creditors Collection Practices Act, C.G.S. §§ 36a-645 *et seq.* (Plaintiff Antoinette Williams against Both Defendants)

34. Plaintiff Antoinette Williams incorporates Paragraphs 1-27.

35. The Defendants violated the Creditor Collection Practices Act ("CCPA"),

Conn. Gen. Stat. § 36a-645 and the Department of Banking regulations promulgated

there under in the following ways:

a.  The Defendants violated Conn. Agencies Reg., § 36a-647-4 by continuing

to contact Plaintiff Antoinette Williams at work and by contacting Plaintiff

Deborah Turnage even though Vandenberg already had Williams'

7

personal contact information and had already been expressly instructed by Williams not to call her at her workplace.

b. The Defendants violated Conn. Agencies Reg., § 36a-647-3(b) by making impermissible contacts to Plaintiff Deborah Turnage and Plaintiff Antoinette Williams' sister-in-law in an attempt to collect the debt, and by speaking with Turnage about the debt in an impermissible manner.

c. The Defendants violated Conn. Agencies Reg., § 36a-647-6(11) when they told Plaintiff Deborah Turnage that she was involved in a lawsuit with Plaintiff Antoinette Williams, that they both had committed fraud, and implied that Turnage was also liable for the debt.

d. The Defendants violated Conn. Agencies Reg., § 36a-647-5(5) by engaging Plaintiff Antoinette Williams in telephone conversation repeatedly with the intent to annoy, abuse, or harass;

e. The Defendants violated Conn. Agencies Reg., § 36a-647-5 by engaging in conduct as described above, the natural consequence of which was to harass or abuse Plaintiff Antoinette Williams;

f. The Defendants violated Conn. Agencies Reg., § 36a-647-6 by using the deceptive practices as described above.

36. For the Defendants' unfair acts, Plaintiff Antoinette Williams seeks her damages (including emotional distress), statutory damages, and attorney's fees and costs pursuant to the Public Act No. 07-176.

## Fourth Count -Creditors Collection Practices Act, C.G.S. §§ 36a-645 *et seq.* (Plaintiff Deborah Turnage against Both Defendants)

37. Plaintiff Deborah Turnage incorporates Paragraphs 1-27.

38. The Defendants violated the Creditor Collection Practices Act ("CCPA"),

Conn. Gen. Stat. § 36a-645 and the Department of Banking regulations promulgated

there under in the following ways:

   a. The Defendants violated Conn. Agencies Reg., § 36a-647-4 by contacting Plaintiff Deborah Turnage even though Vandenberg already had Williams' personal contact information.

   b. The Defendants violated Conn. Agencies Reg., § 36a-647-3(b) by making impermissible contacts to Plaintiff Deborah Turnage in an attempt to collect the debt, and by speaking with Turnage about the debt in an impermissible manner.

   c. The Defendants violated Conn. Agencies Reg., § 36a-647-6(11) when they told Plaintiff Deborah Turnage that she was involved in a lawsuit with Plaintiff Antoinette Williams, that they both had committed fraud, and implied that Turnage was also liable for the debt.

   d. The Defendants violated Conn. Agencies Reg., § 36a-647-5(5) by engaging Plaintiff Deborah Turnage in telephone conversation repeatedly with the intent to annoy, abuse, or harass;

   e. The Defendants violated Conn. Agencies Reg., § 36a-647-5 by engaging in conduct as described above, the natural consequence of which was to harass or abuse Plaintiff Deborah Turnage;

9

f.   The Defendants violated Conn. Agencies Reg., § 36a-647-6 by using the
deceptive practices as described above.

39. For the Defendants' unfair acts, Plaintiff Deborah Turnage seeks her
damages (including emotional distress), statutory damages, and attorney's fees and
costs pursuant to the Public Act No. 07-176.

### Fifth Count - Intentional Infliction of Emotional Distress
### (Plaintiff Antoinette Williams against both Defendants)

40. Plaintiff Antoinette Williams incorporates Paragraphs 1-27.

41. The defendants knew, or reasonably should have known, that their actions
would likely cause emotional distress to Plaintiff Antoinette Williams.

42. The defendants' conduct did cause Plaintiff Antoinette Williams to suffer
emotional distress, embarrassment, shame, stress and anxiety.

43. The defendants' actions were willful, wanton and malicious, in that they
intended to cause Plaintiff Antoinette Williams distress to induce Plaintiff Antoinette
Williams to pay the debt, in hopes that Williams would pay in order to relieve the stress.

44. The defendants are liable to Plaintiff Antoinette Williams for her damages.

### Sixth Count - Intentional Infliction of Emotional Distress
### (Plaintiff Deborah Turnage against both Defendants)

45. Plaintiff Deborah Turnage incorporates Paragraphs 1-27.

46. The defendants knew, or reasonably should have known, that their actions
would likely cause emotional distress to Plaintiff Deborah Turnage.

47. The defendants' conduct did cause Plaintiff Deborah Turnage to suffer
emotional distress, embarrassment, shame, stress and anxiety.

48. The defendants' actions were willful, wanton and malicious, in that they intended to cause Plaintiff Deborah Turnage distress to induce Plaintiff Antoinette Williams to pay the debt, in hopes that Williams would pay in order to relieve the stress.

49. The defendants are liable to Plaintiff Deborah Turnage for her damages.

### Seventh Count - Connecticut Unfair Trade Practices Act
### (Plaintiff Antoinette Williams against Vandenberg)

50. Plaintiff Antoinette Williams incorporates Paragraphs 1-27.

51. The Defendant Vandenberg violated CUTPA by its debt collection activities described above.

52. Vandenberg's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff Antoinette Williams.

53. Plaintiff Antoinette Williams suffered an ascertainable loss because of Vandenberg's aforementioned actions.

54. Vandenberg violated the Connecticut Unfair Trade Practices Act Conn. Gen. Stat. § 42-110a *et seq.* and is liable to Plaintiff Antoinette Williams for her monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

### Eighth Count - Connecticut Unfair Trade Practices Act
### (Plaintiff Deborah Turnage against Vandenberg)

55. Plaintiff Deborah Turnage incorporates Paragraphs 1-27.

56. The Defendant Vandenberg violated CUTPA by its debt collection activities described above.

57. Vandenberg's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff Deborah Turnage.

58. Plaintiff Deborah Turnage suffered an ascertainable loss because of Vandenberg's aforementioned actions.

59. Vandenberg violated the Connecticut Unfair Trade Practices Act Conn. Gen. Stat. § 42-110a *et seq.* and is liable to Plaintiff Deborah Turnage for her monetary damages, punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiffs pray for the following relief:

Monetary damages related to Plaintiff's emotional distress; Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k and Conn. Gen. Stat. §36a-648; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; such other relief as this Court deems appropriate.

PLAINTIFFS, ANTOINETTE WILLIAMS & DEBORAH TURNAGE

By:

Daniel Blinn, Esq.
Matthew W. Graeber, Esq.
Consumer Law Group, LLC
35 Cold Spring Rd, Suite 512
Rocky Hill, CT 06067-9997
Tel (860) 571-0408
Fax (860) 571-7457
Juris No. 414047